319 F.3d 87
 Abel OBABUEKI, Plaintiff-Appellant,
v.
INTERNATIONAL BUSINESS MACHINES CORP. and Choicepoint, Inc., Defendants-Appellees,
Choicepoint Services, Inc., d/b/a Choicepoint and Choicepoint Business and Government Services, Inc., d/b/a Choicepoint, Consolidated-Defendants-Appellees.
 Docket No. 02-7499.
 United States Court of Appeals, Second Circuit.
 Argued: January 24, 2003.
 Decided: February 3, 2003.
 
 Gregory Antollino, Law Office of Gregory Antollino, New York, NY, for Plaintiff-Appellant.
 Kevin G. Lauri (Steven D. Hurd, on the brief), Jackson Lewis LLP, New York, NY, for Defendant-Appellee International Business Machines Corp.
 James H. Cox, Greenberg Traurig, LLP, Atlanta, GA, for Defendant-Appellee ChoicePoint.
 Before: NEWMAN, KATZMANN, RAGGI, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant International Business Machines Corp. ("IBM") withdrew a job offer to plaintiff after it learned from a criminal background check performed by a subcontractor of defendant ChoicePoint, Inc. ("ChoicePoint") that plaintiff had not disclosed on his employment application a California conviction that had been vacated and dismissed. Plaintiff filed suit in November 1999 asserting that IBM thereby violated his rights under, inter alia, the New York Human Rights Law, N.Y. EXEC. LAW § 296(15), (16), and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq., and that ChoicePoint similarly had violated various provisions of the FCRA.
 
 
 2
 In an amended opinion and order dated June 14, 2001, the District Court, inter alia, granted IBM's motion for summary judgment and dismissed it from the case. See Obabueki v. International Business Machines Corp., 145 F.Supp.2d 371, 388, 391-94 (S.D.N.Y.2001).
 
 
 3
 Plaintiff's remaining claims were tried to a jury on January 22-25, 2002. On May 2, 2002, after the jury had returned a verdict for plaintiff and plaintiff had moved for fees and costs, the District Court granted ChoicePoint's cross motion for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure and, in the event of vacatur or reversal, conditionally granted ChoicePoint's motion for a new trial. See Obabueki v. Choicepoint, Inc., 236 F.Supp.2d 278 (S.D.N.Y. 2002).
 
 
 4
 Plaintiff seeks review of these rulings on an appeal from the final judgment entered May 9, 2002. Upon consideration of all of plaintiff's arguments on appeal, we affirm on the opinions of Judge Schwartz, dated June 14, 2001, reported at 145 F.Supp.2d 371 (S.D.N.Y.2001), and dated May 2, 2002, reported at 236 F.Supp.2d 278 (S.D.N.Y. 2002).[1]
 
 
 
 Notes:
 
 
 [1]
 Given that we have affirmed the District Court's order awarding judgment as a matter of law to defendant ChoicePoint, we need not consider whether the District Court erred in granting defendant ChoicePoint's trial motion for judgment as a matter of law with respect to plaintiff's claim for punitive damages